## Freeman v. Commonwealth.

June 17, 1947.

Wm. J. Baxter, Judge.

Harvey T. Lisle for appellant.

Eldon S. Dummit, Attorney General, R. R. Craft and J. Smith Hays for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Affirming.

On April 2, 1946, the grand jury by indictment charged appellant with setting up and operating a game of chance, and that appellant had aided two others in

setting up and operating the game of cards called "poker." KRS 436.230. Upon his trial the jury reported a verdict of guilty, fixing the penalty at $500 and imprisonment for two years. The court overruled motion for new trial and he appeals. At the same time of the indictment against appellant an indictment was returned against Dyer and Richardson on the same charge, and for persuading another to visit a gambling place. KRS 436.260.

The commonwealth elected to try appellant. first, and introduced four or five witnesses who unequivocally testified that they had played in games of poker in Richardson's place, at times when appellant was operating the game. There can be no sort of doubt as to appellant's guilt, and when put on the stand he admitted that he had operated the games at the times stated by the witnesses.

In support of his motion for new trial he relied on several grounds, among them that the court had erred in admitting incompetent testimony, and rejecting competent testimony offered by him. If the ground as to admission of incompetent testimony has reference to that of Dyer or Richardson, both of whom testified, the court properly overruled objections.

However, as we read appellant's brief the contention is that the court refused to allow the county attorney to testify as to a claimed agreement between him and counsel for Dyer and Richardson, or themselves. This is based on the assertion that the county attorney "and the foreman of the grand jury," who were apparently favorable to such action as would break up gambling worked on Freeman to the exclusion of those who were indicted for like offenses.

The county attorney, called by appellant as a witness, was asked if he as county attorney had any agreement with Dyer or his attorney, or Richardson or his attorney, "if they testify in this case against Freeman, that you would have the grand jury return indictments against them for lesser offenses than they are indicted on now?" The court sustained objection, and the following avowal was recorded: "I have no such agreement with Dyer, nor Richardson, nor their attorneys. I told both Dyer and Richardson that it was impossible

to make any agreement about their testimony as to what would be done in their cases, and I told their attorneys this morning that I would not make any agreement as to what might happen to them, but I understood they wanted to testify, and if they did I expected to recommend to the commonwealth's attorney and to the grand jury that they be indicted on some lesser degree of the gambling offenses, which would permit a fine.''

In brief, but nowhere in the record before us, it is stated that the two were indicted on lesser offenses, plead guilty and were fined. It is not argued to any extent that the answer by way of avowal was competent. However, there is incorporated in appellant's brief a statement of the members of the jury which tried appellant, not dated but made ''after the trial,'' and which is no part of the record below, nor filed in this court. The substance of the statement is that ''since return of the verdict'' they had seen in a transcript of evidence the avowal made by the county attorney, which they could not hear while sitting as jurors, and knew nothing of at the time of considering their verdict; that they had learned that Dyer and Richardson had been released on payment of fines. They expressed the opinion that there was a collusion against Freeman, and that while there was no question of his guilt, they now believed he should have received the same punishment as had been given Dyer and Richardson, and closed by saying they thought undue advantage had been taken of Freeman, and that if they were called upon to try the case again on the same evidence and the facts since learned, they would administer a fine, the same as had been adjudged against Dyer and Richardson.

The argument is that this court should conclude that the commonwealth took undue advantage of appellant, and should reverse the judgment. This presents a rather novel question, without any cited authority. We know of no rule of court, nor do we find authority which would permit us to consider the statement contained only in appellant's brief, made no doubt in good faith, or to consider anything further than what is contained in the record before us. However, there appears to be no reason why the jury which tried appellant, could not have known or did not know of what had occurred be-

tween counsel for the commonwealth and appellant's counsel with respect, not to promises, but expressed intentions of the commonwealth.

When we look to the transcript of evidence, we find that when Dyer was called as a commonwealth's witness, and as far as the record shows, in the presence of the jury, counsel for appellant objected to his testifying because he was under indictment for the same offense as Freeman, and said: "It is the desire of the commonwealth that Dyer is to be exempted from prosecution under the joint indictment and the separate indictment against Dyer." The court then asked, "Has the commonwealth anything to say?" The county attorney answered very frankly, "Your Honor, that would be the effect and result of using this witness, but the officials have made no promises whatever to the witness or to Richardson." Counsel for appellant then asked: "Have the commonwealth's representatives made any promises to the attorneys for Dyer or Richardson to the effect that the only way they could save Dyer and Richardson would be to call them as witnesses to testify against Freeman?" The county attorney replied, in language, in substance if not in words, the same as done by way of avowal. The county attorney was correct in his statement that the introduction of Dyer (or Richardson) as a witness would "have the effect" of exempting them from prosecution under the joint indictment. See the several subsections of sec. 436.510, KRS. This colloquy brought to the attention of the jury more clearly the intention of the commonwealth (and the effect) than the avowal. The statement contained in the brief loses much of its force and effect, if indeed we might consider it on the question as to whether undue advantage had been taken of appellant.

After a careful survey of the record we fail to find error which would authorize us to reverse without doing violence to the law and rules of the court.

Judgment affirmed.